# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTIES OF HAMPSHIRE, FRANKLIN AND HAMPDEN, SEPTEMBER TERM 1835, AT NORTHAMPTON.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM,
Hon. SAMUEL S. WILDE, } Justices.
Hon. MARCUS MORTON,

---

### Greenfield Bank *versus* Horatio Leavitt.

In trover, the value of the property when converted, with interest from that time, is in general the measure of damages, and if the property is restored, it goes in mitigation of damages; but if the restoration is obtained by the offer and payment of a reasonable reward, this amount, with interest from the time of payment, is to be deducted from the property restored.

Trover. At the trial, before *Wilde* J., the plaintiffs proved, that on January 28, 1833, they delivered to the defendant a package containing $7842 in bank bills, the property of the plaintiffs, and another package, the property of the Adams Bank, containing $4188, which had been sent to the plaintiffs to be forwarded to the Globe Bank in Boston. The money was lost, and on January 30, 1833, the plaintiffs offered a reward of $1000, to any person who would restore all the money, and a proportion of the reward for a proportion of the money. On February 6, 1833, the package of the Adams Bank was found and restored entire, and all the money belonging to the plaintiffs, except $1012 ; and on February

21st, the plaintiffs paid to the finders $723, part of the reward of $1000. On February 23d, the plaintiffs offered a further reward of $250, for the residue of the money lost, and on the 8th of May following, the whole of the residue, except $57, was found and restored to the plaintiffs. The property was of equal value when restored, as when lost. On December 10, 1833, the plaintiffs paid $155, part of the last-mentioned reward, and were discharged by the finders.

The jury were instructed, that if they should return a verdict for the plaintiffs, the rule of damages would be the value of the property when converted ; that the restoration of the property would go in mitigation of damages ; but that if the jury thought the rewards offered were reasonable rewards, they should deduct the amount paid, with interest thereon from the times of payment, from the amount returned, and give the plaintiffs a verdict for the balance. To this instruction the defendant excepted.

The jury returned a verdict for the plaintiffs for 1009, and if the instruction was wrong, judgment was to be rendered for the plaintiffs for $57, and interest thereon from January 28, 1833, and for interest on the other sums from the time of conversion to the times at which they were restored ; otherwise judgment was to be rendered on the verdict.

*Forbes* and *R. E. Newcomb*, for the defendant. In general, the measure of damages in trover, is the value of the property at the time of the conversion, with interest. *Kennedy* v. *Whitwell*, 4 Pick. 466 ; *Cooper* v. *Chitty*, 1 Burr. 31 ; *Kennedy* v. *Strong*, 14 Johns. R. 128. When the property is restored, not depreciated in value, it goes in mitigation of damages, and interest is the measure of the injury. Had the plaintiffs recovered judgment before the reward offered had been paid, they would have recovered only the value of the money and interest, the property would have been changed, and the plaintiffs would have borne the loss of the reward. They were under no necessity of making an effort to find the money ; if they knew it was converted by the defendant, they are entitled to only the money and interest. An injury which would entitle them to more, must be a direct consequence of the conversion. If rewards may be deducted

from the property, counsel fees and other expenses must stand on the same footing. *Colt* v. *Root*, 17 Mass. R. 229 · 8 East, 1 ; 4 M'Cord, 20 ; 1 M'Cord, 585 ; 19 Johns. R. 241 ; *Shaw* v. *Nudd*, 8 Pick. 9 ; *Sargent* v. *Franklin Ins. Co.* 8 Pick. 90 ; *Hayden* · v. *Cabot*, 17 Mass. R. 169 ; *Beaufort* v. *Fanning*, 1 Bay, 273 ; *Wetmore* v. *Cutler*, 1 Gallison, 429 ; 3 Dallas, 306.

*Wells* and *Alvord*, for the plaintiffs, cited *Tucker* v. *Wright*, 3 Bingh. 601 ; *Greening* v. *Wilkinson*, 1 Carr. & P. 625 , 6 Serg. & Rawle, 420 ; 1 Serg. & Rawle, 89 ; *Murray* v. *Burling*, 10 Johns. R. 176.

PUTNAM J. delivered the opinion of the Court. The general rule in trover, that the measure of damages is the value of the articles at the time of the conversion, with interest until the time of the verdict, is established in this Commonwealth. *Kennedy* v. *Whitwell*, 4 Pick. 466. We are aware that it has been ruled differently by *Abbott* C. J., in *Greening* v. *Wilkinson*, 1 Carr. & P. 625 ; where he held, that the jury might find the value at any subsequent time. But we adhere to the value at the time, as a rule which works well : and its certainty is quite an equivalent for its occasional want of perfect exactness.

It is also well settled, that if the property for which the action is brought should be returned to and received by the plaintiff, it shall go in mitigation of damages. But if it became subjected to a charge after the conversion and before it was returned ; if, for example, the conversion were of a watch, which the defendant threw into a well, and the plaintiff hired a man to descend into the well and get it, the expense of reclaiming it should be deducted from the value, when returned. It is the charge that regulates the damages, as *Thompson* J. said in *Murray* v. *Burling*, 10 Johns. R. 176. As where one takes another's horse and leaves him at an inn, and the owner reclaims him, subject to the charge for his keeping. The damages are for the injury suffered, notwithstanding the owner has regained his property.

And we do not think this comes within the rule of not allowing counsel fees. The fee bill is to be considered as the legal compensation for the costs.

So that the true question is, whether the property for which this action was brought, and which has been returned and accepted, came into the hands of the plaintiffs subject to the charge of the reward offered by the plaintiffs.

It is contended for the defendant, that this would give to the plaintiffs a power to increase the damages at their discretion. And we know no reason, in the case, why it should not be so, confining the plaintiffs to the exercise of a sound discretion. The jury have settled that matter, and found that the reward was reasonable. We are therefore to presume that it was offered under a belief that it was necessary, and not with a view to oppress the defendants. The plaintiffs became liable to pay the reward on the production of the money which had been converted by the defendant, and so the instruction to the jury, that they should deduct the reward from the amount returned, was in our opinion correct.

Let the judgment be entered for the plaintiffs according to the verdict.